**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **KENNETH SLIVINSKI, on behalf of himself and all others similarly situated,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **INTER-CONTINENTAL HOTELS CORPORATION, INTER-CONTINENTAL HOTELS GROUP, INC., and HOSPITALITY PROPERTIES TRUST, CROWNE PLAZA HOTEL OPCO, LP, IHG, PLC** <br><br> **Defendants.** | **CASE NO. 19** <br><br> **UNJUST ENRICHMENT** <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff and the class of people he represents, through undersigned counsel, and very respectfully states and prays"

## I.   NATURE OF THE ACTION

1.   Defendants Inter-Continental Hotels Corporation, Inter-Continental Hotels Group, Inc., Hospitality Properties Trust, Crowne Plaza Hotel OPCO, LP, IHG, PLC ("Defendants") own and/or operate the InterContinental San Juan hotel in Carolina, Puerto Rico. Defendants charged their guests resort fees calculated as a percentage of the applicable room rate, despite the fact that these resort fees are intended to compensate the hotel owner for certain fixed-cost amenities. As a result of this practice, Defendants have been unjustly enriched at Plaintiff's expense and Plaintiff seeks reimbursement of all amounts by which Defendants have been so enriched.

**II.     PARTIES**

2. Plaintiff Kenneth Slivinski is an individual residing in Colorado. Plaintiff stayed at the InterContinental San Juan hotel in December 2018 and was charged by and paid to Defendants resort fees calculated as a percentage of the room rate.

3. Defendant Inter-Continental Hotels Corporation is a Delaware corporation with its principal place of business in Denham, Buckinghamshire, England.

4. Upon information and belief, Defendant Inter-Continental Hotels Corporation owns and/or operates the InterContinental San Juan hotel in Carolina, Puerto Rico.

5. Defendant Inter-Continental Hotels Group, Inc. is a Delaware corporation with its principal place of business in Denham, Buckinghamshire, England.

6. Upon information and belief, Defendant Inter-Continental Hotels Group, Inc. owns and/or operates the InterContinental San Juan hotel in Carolina, Puerto Rico.

7. Defendant Hospitality Properties Trust is a Maryland corporation with its principal place of business in Baltimore, Maryland.

8. Upon information and belief, Defendant Hospitality Properties Trust owns and/or operates the InterContinental San Juan hotel in Carolina, Puerto Rico.

9. Defendant Crowne Plaza Hotel OPCO, LP, IHG, PLC is a Puerto Rico entity with its principal place of business in Puerto Rico.

10. Upon information and belief, Defendant Crowne Plaza Hotel OPCO, LP, IHG, PLC owns and/or operates the Inter owns and/or operates the InterContinental San Juan hotel in Carolina, Puerto Rico.

**III.    JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this case pursuant to the Class

Action Fairness Act of 2005, 28 U.S.C. § 1332(d), pursuant to which this Court has diversity jurisdiction because some class members are citizens of States different than Defendants, and because the amount in controversy exceeds the sum or value of $5,000,000.

12.     Venue is proper in this District because the acts giving rise to Plaintiff's claims occurred in this District, and because Defendants do substantial business in this District.

## IV.    FACTS

### A.    Hospitality Industry in Puerto Rico

13.     More than four million people visit Puerto Rico each year, making it one of the Caribbean's top tourist destinations.

14.     Puerto Rico has dozens of daily flights to and from the United States mainland, Europe, and Latin America, and ports that accommodate all types of vessels and cruise ships. Unlike most other Caribbean destinations, United States citizens do not need a passport to enter Puerto Rico.

15.     There are more than 130 hotels, with approximately 15,000 available hotel rooms, in Puerto Rico. Several thousand more rooms are currently planned or under construction.

16.     In 2017, guests in Puerto Rico paid for more than 3.3 million hotel rooms at an average room rate of approximately $150.00 per night.[1]

### B.    Resort Fees

17.     A resort fee (also sometimes referred to as a resort charge, facility fee, destination fee, or amenity fee) is a per-room, per-night mandatory fee that a hotel or resort charges its guests in addition to the base room rate.

---

[1] https://www.prtourism.com/dnn/Portals/0/PDF_Statistics/Regs%20and%20Occup%20by%20Rms%202017.pdf?ver=2018-03-20-164618-880

3

18. For example, hotels and resorts have long charged guests for specific amenities such as parking, internet access, and the use of pools or health clubs.

19. In the late 1990s, hotels and resorts began charging mandatory resort fees to provide guests with certain amenities, including those listed above.

20. Hotels and resorts could provide the amenities without charging separate resort fees by making them optional to customers for additional fees, or, alternatively, bundling them with the room and including the cost of the amenities in the room rate.

21. Hotels and resorts instead charge resort fees for several reasons. First, hotels and resorts that charge resort fees can advertise cheaper room rates, with resort fees making up the balance of the total charged price, and thus appear comparatively attractive to potential consumers.

22. Second, hotels and resorts pay third-party booking agents (online booking sites such as Expedia and Travelocity, and travel agents) commissions based on the room rate, and not the resort fees, and thus hotels and reports collect 100 percent of the resort fee regardless of whether the guest books through a third party.

23. According to the Federal Trade Commission, in 2015, hotels and resorts in the United States charged, and guests paid, approximately $2 billion in resort fees.[2] In 2017, resort fees increased to $2.7 billion, and were projected to total $2.93 billion in 2018.[3]

C. **Defendants' Resort Fees**

24. Defendants, like many other hotels and resorts, charge resort fees. However, unlike most hotels and resorts, Defendants do not charge flat-fee resort fees for their hotels and resorts in Puerto Rico. Rather, they charge their guests eighteen percent (18%) of the room rate.

---

[2] https://www.ftc.gov/system/files/documents/reports/economic-analysis-hotel-resort-fees/p115503_hotel_resort_fees_economic_issues_paper.pdf
[3] https://www.businesstravelnews.com/Lodging/US-Hotel-Fees-and-Surcharges-Projected-to-Hit-2-93B-in-2018

25.  These resort fees are charged regardless if the guests book their stay directly through Defendants or online through third-party companies such as Priceline, Expedia, or Booking.com.

26.  Defendants' own website states, "18% hotel service fee includes complimentary basic wireless internet service, complimentary coffee/tea service replenished daily, use of 24-hour fitness center, chaise and towel service at the pool and beach."



27.  On Expedia, as set forth below, guests are charged an 18% resort fee of $71.73 for a king-size room when the hotel charges $359.00 a night; and an 18% resort fee of $77.72 for the exact same room, on the exact same date when the king-size room rate is $389.00.[4]

---

[4] Expedia charges an 18% resort fee on the total cost of the room plus taxes. For example, $398.49 x 18% = $71.73, and $431.79 X 18% = $77.72.



28.     In both Expedia examples identified above, while the resort fees are different dollar amounts, they are the same 18% of the room rate, even though guests receive the same amenities.

29.     On Booking.com, as set forth below, guests pay an 18% resort fee (titled "property charge"). Thus, a guest who books a $359.00 a night king-size room pays an 18% resort fee of $64.62, and a guest who books the same room, on the same date, but is charged $389.00 a night, pays an 18% resort fee of $70.02.

6



30.     On Priceline, as set forth below, guests pay an 18% resort fee (titled "service charge"). Thus, a guest who books a $359.00 a night Superior Room pays an 18% resort fee of $64.62.



31. Plaintiff stayed at the InterContinental San Juan hotel in from December 21, 2018 through December 23, 2018, and was charged by and paid to Defendants resort fees calculated as eighteen percent of the room rate.

32. The following is a portion of Plaintiff's invoice folio from his stay in December of 2018 showing a resort fee of 18%.



**InterContinental SAN JUAN** ★★★★

| | |
|---|---|
| Check-in: | Fri Dec 21, 2018 - After 04:00 PM |
| Check-out: | Sun Dec 23, 2018 - 12:00 PM |
| Address: | 5961 Isla Verde Avenue, Carolina, PR, United States |
| Phone number: | 787-791-6100 |
| Number of rooms: | 1 room |
| Reservation name: | Kenneth Slivinski — Sleeps Up To 2 Adults |
| Hotel confirmation number: | 60356248 |
| Amenities: | Free Internet, Outdoor Pool, Spa, Non-Smoking, Gym, Restaurant, Handicap Accessible, Business Center |
| Room type: | Room Assigned On Check-In |

Hotels may charge for additional guests.

**Important Information**

**Summary of Charges / Receipt**
Total cost: $413.32

| | |
|---|---|
| Purchase date: | Mar 20, 2018 |
| Payment method: | |
| Billing name: | Kenneth Slivinski |
| Room price: | $159.00 avg /night |
| Number of rooms: | 1 room |
| Number of nights: | 2 nights |
| Room subtotal: | $318.00 |
| Taxes & fees: | $70.96 |
| Coupon: | -$31.80 |
| Total charged today: | $357.16 |
| Total Priceline charges: | $357.16 |
| Hotel fee: | $56.16 |
| Total cost: | $413.32 |
| Savings: | You saved 22%* |

Prices are in USD.

The hotel fee is charged by the property at check-out

This itinerary including Summary of Charges is your official receipt.

---



# INTERCONTINENTAL.
SAN JUAN

| | | | |
|---|---|---|---|
| 3rd Pty Bkg Id | | | 07/29/19 |
| Mr Kenneth Slivinski | Folio No. 1022143  Cashier No. 102 | Room No. | PX0628 |
| | A/R Number | Arrival | 12/21/18 |
| | Group Code | Departure | 12/23/18 |
| | Company Priceline.com | Conf. No. | 60356248 |
| | Membership No. | Rate Code | INR |
| | Invoice No. | Page No. | 1 of 1 |

| Date | Description | Charges | Credits |
|---|---|---|---|
| 12/21/18 | Resort Service Fee | 35.10 | |
| 12/21/18 | IHG Foundation | 1.00 | |
| 12/21/18 | Resort Fee Tax | 3.16 | |
| 12/21/18 | Accommodation | 40.00 | |
| 12/21/18 | Resort Service Fee | 7.20 | |
| 12/21/18 | Occupancy Tax | 3.60 | |
| 12/22/18 | Resort Service Fee | 21.06 | |
| 12/22/18 | IHG Foundation | 1.00 | |
| 12/22/18 | Resort Fee Tax | 1.90 | |
| 12/22/18 | Accommodation | 40.00 | |
| 12/22/18 | Resort Service Fee | 7.20 | |
| 12/22/18 | Occupancy Tax | 3.60 | |
| 12/23/18 | Visa | | 164.82 |
| | **Total** | **164.82** | **164.82** |
| | Balance | 0.00 | |

Thank you for staying with us! Qualifying points for this stay will automatically be credited to your account. Please tell us about your stay by writing a review here - www.ihg.com/reviews. We look forward to welcoming you back soon.

33.     On December 21, 2018 and December 22, 2018, Plaintiff was charged a total of $388.96 and hotel fee of $70.20 (18% of the room cost).[5]

34.     As stated above, resort fees are designed to compensate the hotel or resort for amenities such as internet access, parking, and the use of pools or health clubs.

35.     The per-guest cost of providing these amenities is fixed, assuming a constant occupancy rate.

36.     However, Defendants charge resort fees as a percentage of the room rate, despite the fact that the per-guest cost of providing the amenities does not vary.

37.     That portion of each resort fee above the actual per-guest cost of the amenities, plus some profit, constitutes unfair and unjust enrichment to Defendants at their guests' expense.

## V.    CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of the following class:

> All guests of the InterContinental San Juan hotel that paid a resort fee from August 1, 2004 to the present (the "Class").

39.     Excluded from the Class are Defendants, or any person, firm, corporation, or other entity related to or affiliated with Defendants, or in which the Defendants have or had a controlling interest.

40.     The members of the Class are so numerous and so geographically dispersed that the individual joinder of all Class members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, the Class numbers in at least the thousands and is ascertainable by appropriate discovery of Defendants' billing records. Class members may be

---

[5] It appears that Plaintiff was charges an 18% resort fee on the total cost of the room plus taxes.

notified of the pendency of this action by direct U.S. mail and/or email using a form of notice similar to that customarily used in class actions.

41. Common questions of law or fact exist as to all members of the Class and predominate over any questions which affect only individual Class members. These common questions of law or fact include, without limitation:

    a. Whether Defendants' practice of charging resort fees based on a percentage of the room rate, versus a flat fee, is unfair or unjust;

    b. Whether Defendants' failure to disclose the terms and conditions governing the resort fees, including what services and amenities are covered, is unfair and unjust;

    c. Whether Defendants wrongfully obtained a legal benefit by virtue of their resort fee practice;

    d. Whether Plaintiff and the Class members enriched Defendants to their detriment by paying the resort fees;

    e. Whether in good conscience and equity, Defendants should be entitled to retain the resort fees paid by Plaintiff and the Class members;

    f. Whether Defendants have been unjustly enriched at Plaintiff and Class members' expense; and

    g. Whether Plaintiff and the Class members are entitled to disgorgement, and, if so, the amount of such restitution.

42. Plaintiff's claims are typical of the claims of the claims of the members of the Class, and Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex class-action cases. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the class, and have the

financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the Class members.

43. A class action is appropriate because the prosecuting of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

44. A class action is appropriate because the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. There is no special interest in the Class members in individually controlling the prosecution of separate actions. Absent a class action, many Class members would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law. Absent a class action, Class members will continue to suffer harm and Defendants' misconduct will proceed without remedy. The class treatment of common questions of law or fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## VI.  CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Defendants' practice of charging resort fees based on a percentage of the room rate, versus a flat fee, is unfair and unjust.

47.     Defendants' failure to disclose the terms and conditions governing the resort fee, including what services and amenities are covered by the resort fee, is unfair and unjust.

48.     Defendants wrongfully obtained a legal benefit by virtue of their resort fee practice.

49.     Plaintiff and the Class members enriched Defendants to their detriment by paying the resort fees.

50.     In good conscience and equity, Defendants should not be entitled to retain the resort fees paid by Plaintiff and the Class members.

51.     As a result, Defendants were unjustly enriched at Plaintiff and the Class members' expense.

52.     Plaintiff and the Class members seek full disgorgement and restitution of the amounts Defendants retained as a result of its unlawful and/or wrongful conduct.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

   A.    Determine that the action is a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; appoint Plaintiff as Class representatives; and appoint the undersigned counsel as Class Counsel;

   B.    Awarding disgorgement and restitution in an amount to be established at trial;

   C.    Awarding attorneys' fees and costs, and other relief;

   D.    Granting such other and further relief as to this Court may seem just and proper.

## VIII.  JURY DEMAND

Plaintiff, individually and on behalf of the Class, requests a jury trial on all issues so triable.

September 11, 2019                                   Respectfully submitted,

                                              */s/ Jane A. Becker Whitaker*
Jane A. Becker Whitaker
Jean Paul Vissepo Garriga
BECKER & VISSEPO, PSC
U.S.D.C. 205510
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel: (787) 945-2406
E-mail:       jbw@beckervissepo.com
jp@beckervissepo.com

J. Barton Goplerud (pro hac vice to be filed)
Brian O. Marty (pro hac vice to be filed)
Brandon M. Bohlman (pro hac vice to be filed)
SHINDLER ANDERSON GOPLERUD &
WEESE PC
5015 Grand Ridge Dr
West Des Moines, IA 50265
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        goplerud@sagwlaw.com
              marty@sagwlaw.com
              bohlman@sagwlaw.com

Robert K. Shelquist (pro hac vice to be filed)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 South Washington Ave., Suite 2200
Minneapolis, MN 55401
Telephone:    (612) 339-6900
Facsimile:    (612) 339-0981
Email:        rkshelquist@locklaw.com

Charles J. LaDuca (pro hac vice to be filed)
Katie Van Dyck (pro hac vice to be filed)
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave, NW
Washington, DC 20016
Telephone:    (202) 789-3960
Email:        charlesl@cuneolaw.com
              kvandyck@cuneolaw.com

        Shanon J. Carson (pro hac vice to be filed)
        Michael C. Dell'Angelo (pro hac vice to be filed)
        BERGER MONTAGUE PC
        1818 Market Street, Suite 3600
        Philadelphia, PA 19103
        Telephone:   (800) 424-6690
        Facsimile:    (215) 875-4604
        Email:        scarson@bm.net
                        mdellangelo@bm.net

        *Attorneys for Plaintiff*